# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOSEPH JIMENEZ,**

     **Plaintiff,**

**v.**                              **Case No.: 4:21cv105-MW/MAF**

**JEFFREY ROSEN, in his official
capacity as Acting ATTORNEY
GENERAL Of The UNITED STATES,**

     **Defendant.**
_____/

## <u>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Comes now Defendant, Merrick B. Garland, United States Attorney General, by and through the United States Attorney for the Northern District of Florida, and makes the following answer to Plaintiff's Complaint:

Defendant answers each and every specific allegation of Plaintiff's Complaint as follows:

1. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant admits.

2. The allegations of this paragraph constitute conclusions of law to

which no response is required. To the extent the allegations are deemed factual, Defendant lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

3. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

4. Denied.  The Attorney General, Merrick B. Garland, is the Attorney General and head of the Department of Justice. Plaintiff is no longer an employee of the Department of Justice.

5. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks sufficient information to admit or deny the allegations of this paragraph and they are therefore denied.

6. Denied. Plaintiff is no longer an employee of FCI Tallahassee as of April 21, 2020.

7. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks sufficient information to admit or

deny the allegations of this paragraph and they are therefore denied.

8.  Defendant states it has insufficient information to either admit or deny Plaintiff's allegation that he was born in 1960 and he was fifty-eight (59) years of age at the times of the events, but to the extent a response is required such is denied.

9.  Admit.

10. Denied. Plaintiff is no longer an employee of FCI Tallahassee as of April 21, 2020.

11. Admit.

12. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, specifically when Plaintiff turned fifty-eight, but Defendant admits Plaintiff was "augmented" in July 2018.

13. Admitted in part and denied in part. The Defendant admits that Augmentation at FCI Tallahassee involves placing staff not assigned to the Correctional Services Department to work a correctional post. The Defendant denies that any individual working inside FCI Tallahassee are "non-correctional employees."

14. Deny.

15. Deny.

16. Admitted in part and denied in part. The Defendant admits that in mid-2018 the Defendant augmented Plaintiff to work correctional posts. The Defendant denies that this was not a requirement of Plaintiff's duties prior to this time period.

17. Admitted in part and denied in part. The Defendant admits that Plaintiff made a request to not be augmented to fill correctional officer posts. The Defendant states it has insufficient information to either admit or deny Plaintiff's allegation regarding when he made this request, but to the extent a response is required such is denied.

18. Admitted in part and denied in part. The Defendant admits that the Plaintiff wrote a letter requesting not being augmented to fill correctional officer posts. Defendant denies that Plaintiff filed an EEO complaint alleging disability discrimination and all other allegations in this paragraph are denied.

19. Admitted in part and denied in part. The Defendant admits that the Plaintiff wrote a letter requesting not being augmented to fill correctional officer posts to the Warden. The Defendant states it has insufficient information to either admit or deny Plaintiff's remaining allegations, but to the extent a response is required such is denied.

20. Defendant states it has insufficient information to either admit or deny Plaintiff's allegations in this paragraph, but to the extent a response is required such is denied.

21. Deny.

22. Admit.

23. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

24. Defendant states it has insufficient information to either admit or deny Plaintiff's allegation. To the extent the allegations are deemed factual, they are admitted.

25. Admitted in part and denied in part. The Defendant admits to requesting clarifying medical information from Plaintiff's physician which address the 14 physical requirements of is position. All remaining allegations are denied.

26. Admitted in part and denied in part. The Defendant admits to requesting clarifying medical information from Plaintiff's physician which address the 14 physical requirements of is position. All remaining allegations are denied.

27. Defendant states it has insufficient information to either admit or deny Plaintiff's allegation. To the extent the allegations are deemed factual, the Defendant admits in part that the Plaintiff could be augmented at any point based on his position and the Defendant has insufficient information to either admit or deny Plaintiff's remaining allegation. To the extent the allegations are deemed factual, they are denied.

28. Defendant states it has insufficient information to either admit or deny Plaintiff's allegation. To the extent the allegations are deemed factual, they are denied.

29. Defendant states it has insufficient information to either admit or deny Plaintiff's allegation. To the extent the allegations are deemed factual, they are denied.

30. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

31. Deny.

32. Admitted in Part and denied in Part. The Defendant admits that Psychology clinicians were exempted from augmentation duties. The remaining allegations are denied.

33. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

34. Defendant states it has insufficient information to either admit or deny Plaintiff's allegation. To the extent the allegations are deemed factual, they are denied.

35. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

36. Defendant states it has insufficient information to either admit or deny Plaintiff's allegation. To the extent the allegations are deemed factual, they are denied.

37. Defendant states it has insufficient information to either admit or deny Plaintiff's allegation. To the extent the allegations are deemed factual, they are denied.

38. Admit.

39. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

40. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

41. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

42. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

43. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

44. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

45. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

46. The allegations of this paragraph constitute conclusions of law to

which no response is required. To the extent the allegations are

deemed factual, they are therefore denied.

47. The allegations of this paragraph constitute conclusions of law to

which no response is required. To the extent the allegations are

deemed factual, they are therefore denied.

48. Deny.

49. Admitted in part and denied in part. The Defendant admits that

Plaintiff reported suffering from PTSD, anxiety and depression. The

Defendant has insufficient information to either admit or deny

Plaintiff's allegation regarding his life activities or record of

impairment, but to the extent a response is required such is denied.

50. The allegations of this paragraph constitute conclusions of law to

which no response is required. To the extent the allegations are

deemed factual, they are therefore denied.

51. Deny.

52. Deny.

53. Deny.

54. The allegations of this paragraph constitute conclusions of law to

which no response is required. To the extent the allegations are

deemed factual, they are therefore denied.

55. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

56. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

57. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

58. Deny.

59. Deny.

60. Admit.

61. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

62. Deny.

63. Deny.

64. The allegations of this paragraph constitute conclusions of law to

which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are therefore denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to establish a *prima facie* case of discrimination.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for retaliation under 42 U.S.C. § 2000.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for compensatory damages, if any, must be struck from the Complaint as having no basis in law, since Plaintiff cannot show intentional discrimination by the Defendant.  In any event, such compensatory damages, if any are capped pursuant to 42 U.S.C. § 1981a.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's actions were not the proximate cause of any alleged injuries or damages sustained by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any additional relief.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant denies ever violating any of the Plaintiff's statutory rights. Defendant specifically denies ever allowing/engaging in discrimination and/or retaliation of any type against Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Without waiving the defenses set forth above, and upon which Defendant specifically relies, Defendant states that he had legitimate, nondiscriminatory reasons for all of his actions.  Accordingly, all the allegations of discrimination in the Complaint should be dismissed.

## NINTH AFFIRMATIVE DEFENSE

Defendant asserts the Court lacks subject matter jurisdiction over any and all claims contained in the Complaint that were not raised in a timely manner under Title VII of the Civil Rights Act of 1964, as amended, or for which Plaintiff failed to exhaust administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

Any adverse employment action of which Plaintiff complains would have occurred regardless of his alleged race/national origin, disability or EEO activity.

## ELEVENTH AFFIRMATIVE DEFENSE

To the      extent Plaintiff has failed to satisfy conditions precedent, including exhaustion of administrative remedies, such claims are barred.

## TWELVTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is seeking relief for conduct outside the applicable statute of limitations period, Plaintiff's claims are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are denied by virtue of the doctrine of waiver, estoppel, and laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants state that Plaintiff has unclean hands.

Defendant reserves the right to amend this **Answer** to assert any defenses that they may have against Plaintiff as authorized by the Federal Rules of Civil Procedure.

Respectfully Submitted,

JASON R. COODY
Acting United States Attorney


*/s/ Kathryn W. Drey*               .
*KATHRYN W. DREY*
*Assistant United States Attorney*
*Florida Bar No. 142492*
*21 East Garden St., Suite 400*
*Pensacola, FL  32502*
*Telephone:  850-444-4000*
*Kathryn.Drey@usdoj.gov*

*/s/ Mary Ann Couch*
MARY ANN COUCH
Assistant U.S. Attorney
Florida Bar No. 0098917
21 E. Garden Street, Suite 400
Pensacola, FL  32502
(850) 444-4000
mary.ann.couch@usdoj.gov


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was

electronically filed via CM/ECF on this 2nd day of June, 2021.


*/s/ Kathryn W. Drey*
KATHRYN W. DREY
Assistant United States Attorney