IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JOSEPH JIMENEZ,**

    **Plaintiff,**

v.                                  Case No.: 4:21cv105-MW/MAF

**MERRICK GARLAND, in his official
capacity as Acting ATTORNEY
GENERAL Of The UNITED STATES,**

    **Defendant.**
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT THEREOF**

**COMES Now** defendant Merrick Garland, in his capacity as Attorney General of the United States, and files this Reply to Plaintiff's Opposition to Defendant's Supplemental Motion for Summary Judgment and Brief in Support thereof averring as follows:

### I. Introduction

Plaintiff failed to state a *prima facie* case of discrimination or retaliation, plain and simple. Neither the Supreme Court in *Babb I* nor the Eleventh Circuit in *Babb II* or any other case (including *Lewis*) threw the baby out with the bathwater. A *prima facie* case remains an essential element to defeat summary judgment. The analysis

1

for a retaliation claim is simply whether the alleged adverse action would discourage a reasonable person from engaging in protected activity (which analysis is still governed by existing caselaw), not *McDonald Douglas*.[1]  *Babb I* and *Babb II* do not create a free-for-all where any allegation of discrimination or retaliation against a federal sector employer is sufficient to survive summary judgment.  Rather, the plaintiff must still proffer evidence sufficient to state a *prima facie* case.  That is a bar too high for plaintiff.

## II.   Procedural Posture

Contrary to plaintiff's suggestion, defendant argued in its original motion for summary judgment that plaintiff failed to exhaust.  (ECF Doc. 24, pp. 13-16).  Defendant renewed that argument here because it remains germane to post-*Babb II* retaliation claims.

Moreover, defendant's original motion for summary judgment urged the Court to dismiss the retaliation claim because plaintiff failed to timely exhaust the alleged retaliation (the failure to pay the bonus and the failure to promote plaintiff

---

[1] While the burden shifting analysis of *McDonald Douglas* no longer applies to discrimination claims, it remains true that a plaintiff alleging discrimination must still proffer evidence sufficient to state a *prima facie* case of discrimination, i.e. the first prong of the *McDonald Douglas* test (and may use evidence of comparators to meet its burden)(*Varnedoe v. Postmaster Gen.,* No. 21-11186, at *6 (11th Cir. Jan. 4, 2022) and that discrimination must be the but for cause of the adverse action for a federal-sector employee to recover monetary damages against the employer. *Babb v. Wilkie,* 140 S.Ct. 1168, 1177 (2020).

to the Medical Director position). (ECF Doc. 24, pp. 28-29). In response, plaintiff argued that there was direct evidence of discrimination (i.e. the failure to pay the bonuses and investigations commenced against plaintiff). (ECF Doc. 27, pp. 17-20). Plaintiff did not argue that the alleged failure to promote to medical director was retaliation. (*Id.*). Because plaintiff did not make a circumstantial evidence argument in favor of either of the alleged retaliation actions (i.e. the bonuses and the medical director promotion), there was no cause for defendant's reply to raise temporal proximity. Nonetheless, re-briefing retaliation opens the door to the temporal proximity argument, and it is properly before the Court.

### III.    Memorandum of Law

#### A.    Discrimination Claims Under § 2000e-16(a)

*The Court did not provide leave for additional briefing on discrimination.* Therefore, the entire argument advanced by plaintiff on the discrimination claims is due to be disregarded. (ECF 39, p. 4-12).

Should the Court entertain plaintiff's argument on discrimination, plaintiff still cannot prevail for the exact same reasons he could not prevail in the original motion for summary judgment: He cannot create evidence sufficient to support a *prima facie* case. In support of its position, defendant relies on its arguments presented in its motion for summary judgment and memorandum in support thereof.

(ECF Doc. 24, pp. 16-20). At the end of the day, Plaintiff failed to present a *prima facie* case of discrimination, and defendant is entitled to judgment in its favor.

**B.     Retaliation**

    **1.     Summary of law.**

"In the context of a retaliation claim, an adverse employment action is one that well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Babb v. McDonough,* 8:14-cv-1732-VMC-TBM, at *22 (M.D. Fla. Aug. 19, 2022)(*citing Malone v. U.S. Att'y Gen.,* 858 Fed.Appx. 296, 303 (11th Cir. 2021). A plaintiff who establishes but-for causation may recover both monetary damages and equitable relief (assuming those remedies are otherwise available). *Babb v. Wilkie,* 140 S. Ct. 1168, 1177 (2020). A plaintiff who establishes only a taint of discrimination may recover only equitable remedies (assuming those remedies are otherwise available). *Id.*

Contrary to plaintiff's suggestion, it is not defendant's position that "but-for" causation applies to equitable relief. It is clear from *Babb I, Babb II* and their progeny that plaintiff survives summary judgment *as to equitable relief* if there is a taint of discrimination in the decision-making process, but discrimination/retaliation is not the but-for cause of the ultimate decision. *See Id.*

In response, plaintiff argues that defendant would create a situation where a former employee has no mechanism for relief. That is not correct. The law pre-

4

*Babb* I was that a former employee who can show but-for causation can recover both monetary damages and equitable relief, and that is still the law. *Id.* Similarly, a former employee who cannot proffer evidence of a *prima facie* case cannot recover at all. *Varnedoe v. Postmaster Gen.,* No. 21-11186, at *6 (11th Cir. Jan. 4, 2022).

The *only* thing that *Babb I* changed is that a former federal employee now has the potential for equitable damages if he can proffer evidence of a taint of discrimination but cannot establish but-for causation. *Babb,* 140 S.Ct. at 1177. This is actually an *expansion*, not a contraction, of protection for federal employees. Nonetheless, it is not a sea-change.

Stated differently, though *Babb I* and *Babb II* had the effect of creating a middle ground for a plaintiff who has suffered a taint of discrimination/retaliation in the decision-making process, but discrimination/retaliation was not the cause of the ultimate decision, neither *Babb I* nor *Babb II* established an entitlement to equitable relief when the employee is no longer employed. In order to actually recover equitable relief, the employee has to meet the long-standing Eleventh Circuit threshold for equitable relief.

A former employee simply does not generally satisfy the elements. *Mercer v. Ala. Dep't of Transp.,* Case No. 2:16-cv-1204-RDP, at *8 (N.D. Ala. August 13, 2020)("While few courts have addressed this issue, those sitting within the Eleventh Circuit generally have refused to grant injunctive relief when a plaintiff is no longer

employed by defendant. . . These decisions recognize the practical reality that an injunction would not affect the relationship between the parties because there is no meaningful relationship after the plaintiff's employment ends.")(internal citation omitted). Unless and until the Eleventh Circuit revises its position on equitable relief and former employees, that remains the law of the Eleventh Circuit.

### 1. No reasonable plaintiff could be discouraged from engaging in protected activity because he might be augmented to guard duty in a prison.

Plaintiff was employed as a law enforcement officer in a federal prison. His job description made clear that he would have to perform law enforcement duties. The Union Agreement made clear that he would have to perform augmentation. It is specious to argue that having to perform a job task required by the job description you agreed to do would dissuade any reasonable person from engaging in protected activity. Consequently, plaintiff cannot state a claim for relief for retaliation as a matter of fact and law. *Malone v. U.S. Att'y Gen.,* 858 Fed.Appx. 296, 303 (11th Cir. 2021).

### 2. Augmentation does not prove causation.

Plaintiff's argument about augmentation is not now and has never been clear. Augmentation is not inherently discriminatory or retaliatory. Law enforcement functions are the first and foremost job duty of all BOP employees, including as necessary guard duties and augmentation as a guard. (*See* ECF 23-3, ¶6-7). Plaintiff

was notified long before he engaged in any protected activity that he would be subject to performing law enforcement activities. (ECF 23-3, ¶8). He was also on notice that he was subject to augmentation long before he engaged in any protected activity. (*Id.* at ¶21 and Memorandum of Understanding attached thereto as *Attachment 5, Memorandum of Understanding*); (ECF 23-6, p. 2).

Requiring plaintiff to perform required job duties just like the other physicians and nurses at FCI-TLH (ECF 23-3, ¶ 23-24) is not retaliation, even where plaintiff believes those job duties are beneath him or a waste of his time. (ECF 23-6, p. 2);(ECF 23-1, p. 95, l. 15 – p. 99, l. 9). It is his job. Therefore, the fact plaintiff was augmented - - - which he objected to first because it was beneath him, then because he did not think it was a good use of his time and BOP's resources and finally (months later) because it triggered panic attacks - - - is not evidence of retaliation for engaging in protected activity.

### 3. Dr. Li's testimony does not create direct evidence of retaliation or a causal link.

Despite what plaintiff argues, Dr. Li did **not** testify that plaintiff's bonuses were impacted, plaintiff was denied a promotion or investigated because plaintiff engaged in EEO activity related to augmentation (i.e. sought an ADA accommodation and complained about discrimination).

Rather, Dr. Li testified *only* that it was his opinion and impression that plaintiff's complaints about and refusal to perform augmentation impacted his bonus

7

and potential for promotion. (ECF 26-8, Xinyu Li Dep., 21:6-11; 23:2-8; 42:6-13). As noted above, there is nothing unusual about employers not giving bonuses or promotions to employees who think job duties are beneath them or a waste of their time. Plaintiff tries to link complaints about augmentation and refusal to perform augmentation to EEO activity, a connection without evidence. There is no evidence of a causal relationship between EEO activity about augmentation and bonuses/promotion.

Similarly, even under the mixed-motive analysis plaintiff encourages the Court to use (ECF Doc. 39, p. 15), there is no ***evidence*** (only guessing) that the decision to augment plaintiff was motivated by retaliation in any manner. Again, plaintiff *and all other medical officers employed at FCI-TLH* (other than mental health counselor who are not "medical officers" and are exempted from augmentation by the union contract) were notified about the augmentation *before* plaintiff engaged in in any protected activity. (ECF 23-3, ¶ 23-25).

Furthermore, Dr. Li's testimony is not admissible pursuant to Fed.R.Ev. 801(d). Dr. Li testified about his opinions and impressions. (ECF 26-8, Xinyu Li Dep., 21:6-11; 23:2-8; 42:6-13). He actually did not offer any statements by a party opponent that plaintiff's EEO activity related to augmentation affected his bonuses and promotion opportunities. The crux of Rule 801(d) is a statement by a party

opponent. Fed.R.Ev. Rule 801(d). Dr. Li did not testify to any statement and there is no other evidence of such statement.

### 4. The delay in the retention bonus was the result of the delay in budgeting by Congress.

Plaintiff's argument that defendant is improperly trying to avoid responsibility for the delay in bonuses payments by blaming Congress is a non-sequitur. Congress - - - and only Congress - - - can provide appropriations. Defendant cannot spend what it does not have. When, as occurred in 2018, Congress does not timely pass a budget, BOP does not have the money to spend. Plaintiff was not alone in this predicament. It is undisputed that several other health care providers were also impacted. (ECF 23-20, p. 41, l. 23-p. 42, l. 6).

This is important for the temporal proximity analysis used to establish causation in retaliation cases lacking direct evidence. Plaintiff engaged in protected activity in the summer and fall of 2018. (Defendant denied the accommodation on November 8, 2018). Plaintiff claims he became entitled to the bonus in November 2018 (to which bonus he actually was not entitled; the payments were discretionary).

However, as of November 2018, Congress had not approved the budget. (*See* ECF 23-20, p. 41, l. 23-p. 42, l. 6). Plaintiff failed to proffer any evidence of when the budget was approved by Congress. Without that evidence, plaintiff cannot establish a date certain upon which defendant could have acted on the bonuses. Without that date certain, plaintiff cannot establish that the decision on the bonuses

was in temporal proximity to the EEO activity in the fall of 2018. Consequently, plaintiff cannot establish that there is a causal link between the bonuses and the EEO activity.

Without any authority, plaintiff argues that it was defendant's burden to prove when Congressional authorization for the budget occurred, when FCI-TLH received the go-ahead to make bonus decision, and when FCI-TLH made those decision. All of these are essential facts for *plaintiff* to establish temporal proximity. Similarly, although plaintiff appears to have abandoned the retaliatory failure to promote allegation, plaintiff has not proffered any evidence of temporal proximity between the March 2019 promotion and decision and EEO activity by plaintiff. Plaintiff bears the burden of proof. It is not defendant's responsibility to demonstrate that there is no temporal proximity. *Durr v. Sec'y of Veterans Affairs,* 2022 WL 2315086, *3 (11th Cir. 2022)(finding no causation because plaintiff provided no proof of causation; plaintiff only speculated that retaliation was the reason). Where, as here, plaintiff failed to proffer evidence of temporal proximity, his case fails.

    **C.**    **Plaintiff is not entitled to relief.**

Plaintiff misapplies the holding of the United States Supreme Court in *Babb I*. The footnote in *Babb II* is no different than *Babb I,* and it is not an expansion of the law by defendant. Where, as here, plaintiff cannot show that discrimination or retaliation was the ultimate cause of the decision (i.e. the but-for cause), he cannot

10

recover monetary damages. *Babb v. Wilkie*, 140 S. Ct. at 1177 (2020). He could, however, recover equitable damages if he proffered evidence of a taint of discrimination/retaliation (which this plaintiff did not) *and those damages were otherwise recoverable* (which they are not because plaintiff is no longer employed). *Id.; Mercer v. Ala. Dep't of Transp.,* Case No. 2:16-cv-1204-RDP, at *8 (N.D. Ala. August 13, 2020).

But where, as here, plaintiff cannot proffer evidence of either, he is not entitled to any relief. *Babb v. McDonough,* 8:14-cv-1731-VMC-TBM (M.D.Fla. Aug. 19, 2022)(While Babb I lessened the burden on federal-sector plaintiffs asserting Title VII retaliation claims, Dr. Babb must still "present evidence that her protected activity played *any* role in the [adverse action].")

### D.   **Plaintiff is not entitled to other attorney's fees, costs, etc.**

Plaintiff failed to proffer evidence of even a taint of discrimination or retaliation. As such, plaintiff is not entitled to damages of any kind, including attorney's fees and costs. Moreover, plaintiff has not been employed by defendant since long before this case began (and there is no termination claim). The law regarding the unavailability of equitable damages existed before plaintiff even filed this case. Consequently, even on the day plaintiff filed this case, he knew or should have known that equitable relief would not be available.

To compare this case to *Hickman* is insulting to Mr. Hickman. The Order in *Hickman* was abundantly clear. Mr. Hickman was a deeply religious gentleman who was discriminated against because of his deeply held religious beliefs. Mr. Hickman got to a jury because there was a genuine issue of material fact about pretext. Ultimately, a jury found that Mr. Hickman was the victim of religious discrimination but that said discrimination was not the but-for cause of the personnel action. Unfortunately, Mr. Hickman apparently interviewed poorly. In spite of that, Mr. Hickman did not receive any compensatory or equitable damages and was not automatically entitled to recovery of attorney's fees and costs. Nonetheless, the Court exercised its discretion to award Mr. Hickman attorney's fees on the religious discrimination claim because the jury found Mr. Hickman was subjected to religious discrimination, even if that was not the but-for cause of the ultimate decision.

In the case at bar, plaintiff cannot get to a jury because he has not proffered sufficient evidence to create a genuine issue of material fact that discrimination/retaliation was the but-for cause of the adverse/personnel actions. *Babb,* 140 S.Ct. 1177.

Furthermore, plaintiff should not get a bench trial on equitable relief since he has not proffered sufficient evidence to create a genuine issue of material fact that the adverse/personnel actions were tainted by discrimination/retaliation. See, e.g. *Manika Lewis v. Sec'y of U.S. Air Force*, No. 20-12463, *28-29 (11th Cir. June 30,

2022). And, even if he could get to a bench trial, he cannot be awarded equitable relief. *Mercer* at *6 (quoting *Rhodes v. Stewart,* 488 U.S. 1, 3-4 (1988); *Cooper v. Ambassador Pers., Inc.,* 570 F.Supp.2d 1355, 1359 (M.D.Ala. 2008)

Nothing in *Babb I* or *II* or other Eleventh Circuit precedent envisions a scenario where a case goes to trial merely for attorney's fees and costs (bench or jury), and this Court did not endorse that in *Hickman* either. *See, e.g. Tomkins v. Darr,* Case No. 4:11-cv-93 (CDL), at *14 (M.D. Ga. Nov. 27, 2013)(denying attorney fees where jury found that plaintiff was subjected to unlawful discrimination, but that finding alone did not result in a material alteration of the legal relationship between the parties); *Canup v. Chipman-Union, Inc.,* 123 F.3d 1440, 1442 (11th Cir. 1997)(denying fees and noting, "the result obtained by Plaintiff's attorney did not substantially benefit her client. The case provided only a pyrrhic victory for Plaintiff."). As such, defendant is entitled to summary judgment.

## CONCLUSION

Plaintiff failed to meet his burden of proof for either compensatory or equitable relief and defendant is entitled to summary judgment.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ Kathryn W. Drey*
KATHRYN W. DREY
Assistant United States Attorney
Florida Bar No. 142492
21 East Garden St., Suite 400
Pensacola, FL  32502
Telephone:  850-444-4000
Kathryn.Drey@usdoj.gov

*/s/ Mary Ann Couch*
MARY ANN COUCH
Assistant U.S. Attorney
Florida Bar No. 0098917
21 E. Garden Street, Suite 400
Pensacola, FL  32502
(850) 444-4000
*ATTORNEYS FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed on this 31st day of October, 2022, electronically with the Clerk of Court using the CM/ECF filing system, which will provide notice of this filing to counsel for Plaintiff.

*/s/ Kathryn W. Drey*
KATHRYN W. DREY

## **LOCAL RULE 7.1(F) CERTIFICATE**

I HEREBY CERTIFY that this memorandum contains 2878 words per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

*/s/ Kathryn W. Drey*
KATHRYN W. DREY
