IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH JIMENEZ,

    *Plaintiff*,

v.                              Case No.: 4:21cv105-MW/MAF

MERRICK GARLAND,
UNITED STATES
ATTORNEY GENERAL,

    *Defendant*.

_____/

**ORDER DENYING MOTION TO CORRECT SCRIVENER'S ERROR, OR
IN THE ALTERNATIVE, FOR LEAVE TO AMEND COMPLAINT
AND GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION, OR IN THE ALTERNATIVE,
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

    This Court has considered, without hearing, Plaintiff's notice of scrivener's error, or, in the alternative, for leave to amend the complaint. ECF No. 50. Plaintiff seeks to correct a "scrivener's error" in the complaint to allege a different provision of the Rehabilitation Act as the basis for Plaintiff's claim. Defendant opposes the motion, noting this is no mere "scrivener's error," and asserts Plaintiff is unable to meet Rule 16's "good cause" standard to amend his complaint over a year after the deadline for doing so has passed. ECF No. 53.

Upon review, this Court concludes that Defendant's position is well-founded. This Court does not agree that Plaintiff's citation to section 504 of the Rehabilitation Act, rather than section 501, in the complaint is a simple "scrivener's error," given that, in this Circuit, federal employees can pursue disability claims under both sections 501 and 504. *Compare Rivera v. Heyman*, 157 F.3d 101, 104 (2d Cir. 1998) (noting circuits are split as to whether section 501 is sole remedy available to federal employees under the Rehabilitation Act) *with Mullins v. Crowell*, 74 F. Supp. 2d 1067, 1132 (N.D. Ala. 1999), *aff'd in part, rev'd in part*, 228 F.3d 1305 (11th Cir. 2000) (explaining that "the Eleventh Circuit Court of Appeals has come down in favor of permitting federal employees to bring suit against covered federal agencies pursuant to section 504 as well as under section 501 of the Rehabilitation Act" (citing *Doe v. Garrett*, 903 F.2d 1455, 1461 (11th Cir. 1990))). *See also N. Brevard Hosp. Dist. v. McKesson Techs., Inc.*, No. 6:16-cv-637-Orl-40DCI, 2017 WL 11667659, *7 (M.D. Fla. Oct. 10, 2017) ("a scrivener's error or clerical error [is defined] as 'a drafter or typist's technical error that can be rectified without serious doubt about the correct reading' " (quoting Black's Law Dictionary 659 (10th ed. 2014))).

Accordingly, this Court must determine whether Plaintiff has established "good cause" to warrant amending his complaint so long after the deadline for doing so has passed. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Plaintiff's inadvertence or oversight in failing to recognize the error in the complaint

until Defendant pointed it out after resolution of Defendant's summary-judgment motion is simply not sufficient to satisfy this standard. *See E.E.O.C. v. Exel Inc.*, 259 F.R.D. 652, 655–56 (N.D. Ga. 2008) (listing cases); *see also United States v. One Parcel of Prop. Located at 867 Cnty. Rd. 227, Clanton, Chilton Cnty., Ala., with all Appurtenances, Improvements Thereon*, No. CIVA207-CV-694-MEF, 2010 WL 1531222, at *3 (M.D. Ala. Apr. 14, 2010) ("Where a party fails to diligently ascertain the applicable law, that party cannot satisfy the good cause standard."). Thus, this Court finds Plaintiff has not established "good cause" to warrant granting leave to amend the complaint well over a year after the deadline for doing so has passed. Plaintiff's motion, ECF No. 50, is **DENIED**.

As a result, Defendant's motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, for judgment on the pleadings, ECF No. 46, is due to be granted. For the reasons articulated in the Government's motion, Plaintiff can prove no set of facts that would entitle him to relief against the Government on his disability claim under section 504 of the Rehabilitation Act. Accordingly, Defendant's motion, ECF No. 46, is **GRANTED**.

For the reasons articulated in Defendant's motion, ECF No. 46, and this Court's order on Defendant's motion for summary judgment, ECF No. 43, the Clerk shall enter judgment stating, "Plaintiff's claims under Count I and Count III, based on either the denial of incentive payments or the failure to hire Plaintiff as Medical

Director, are **DISMISSED for failure to exhaust administrative remedies**. The balance of Plaintiff's claims under Counts I and III are **DISMISSED with prejudice.** Plaintiff's claim for damages in Count II under section 504 of the Rehabilitation Act, is **DISMISSED as barred by sovereign immunity**. Plaintiff's claim for injunctive relief in Count II is otherwise **DISMISSED with prejudice**." The Clerk shall close the file.

       **SO ORDERED on April 24, 2023.**

                                              <u>s/Mark E. Walker</u>
                                              **Chief United States District Judge**